DAVID C. KURTZ (SBN 330527)
dkurtz@constangy.com
NATHAN K. NORIMOTO (SBN 334835)
nnorimoto@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 319.909.7775
Facsimile:  424.465.6630

Attorneys for Plaintiff
BOSTON MEDICAL CENTER CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON MEDICAL CENTER CORPORATION, a Massachusetts charitable corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON MEDICAL CENTER, INC., a California corporation,<br><br>Defendant. | Case No. 2:21-cv-07391 _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §§ 1114 AND 1125(a)]**<br>(2) **TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>(3) **UNFAIR COMPETITION AND FALSE ADVERTISING [15 U.S.C. § 1125(a)]**<br>(4) **UNFAIR COMPETITION AND FALSE ADVERTISING [CAL. BUS. & PROF. CODE § 17200 et seq.]**<br>(5) **FALSE ADVERTISING [CAL. BUS. & PROF. CODE § 17500 et seq.]**<br>(6) **COMMON LAW TRADEMARK INFRINGEMENT**<br>(7) **COMMON LAW UNFAIR COMPETITION** |

1   Plaintiff BOSTON MEDICAL CENTER CORPORATION ("Plaintiff" or
2   "BMC") complains and alleges against Defendant BOSTON MEDICAL CENTER,
3   INC. ("Defendant") as follows.

## JURISDICTIONAL ALLEGATIONS

5   1.   This Court has subject matter jurisdiction over this Action pursuant to 28
6   U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121, as this is an action arising
7   under 15 U.S.C. §§ 1051, et seq. (the "Lanham Act").

8   2.   This Court has subject matter jurisdiction over Plaintiff's state law claims
9   pursuant to 28 U.S.C. §§ 1338(b) and 1367, as those claims are substantially related to
10  the Lanham Act claims and form part of the same case or controversy. In the
11  alternative, the Court has jurisdiction over Plaintiff's state law claims pursuant to 28
12  U.S.C. § 1332(a), as Plaintiff and Defendant are corporate citizens of different states,
13  and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14  3.   Venue is proper under, inter alia, 28 U.S.C. § 1391(b) because a
15  substantial part of the events or omissions giving rise to the claims occurred in this
16  District.

17  4.   This Court has personal jurisdiction over Defendant because Defendant is
18  a California corporation with a principal place of business in California. Further, upon
19  information and belief, Defendant has extensive contacts with, and conducts business
20  within, the State of California and this District; the causes of action asserted in this
21  Complaint arise out of Defendant's contacts with this District; and Defendant has
22  caused tortious injury to Plaintiff in this District.

## PARTIES

24  5.   Plaintiff is, and at all relevant times was, a Massachusetts not-for-profit
25  corporation, duly authorized and licensed to conduct business in Massachusetts
26  pursuant to Chapter 180 of the Massachusetts General Laws. Plaintiff's principal place
27  of business is Boston, Suffolk County, Massachusetts.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6.      Plaintiff is informed and believes, and therefore alleges, that Defendant is a California corporation, registered to do business in California since July 25, 2019 (Entity No. C4301694), with a principal place of business located at 960 East Green Street, Suite 101, Pasadena, Los Angeles County, California.

### FACTUAL BACKGROUND

### Plaintiff's Registration and Senior Use of the Marks

7.      Plaintiff is a private, not-for-profit, academic medical center located in Boston, Massachusetts, and the major teaching hospital affiliate of Boston University School of Medicine. As the medical provider of first resort to the area's most vulnerable patient population, Plaintiff is the largest provider of care to the indigent in Massachusetts and one of New England's busiest trauma centers. Plaintiff's researchers produce groundbreaking medical findings as part of its laboratory-based biomedical research and clinical research programs.

8.      Plaintiff has continually, and without interruption, used the trade name **BOSTON MEDICAL CENTER** in interstate commerce since 1996, when Boston Medical Center was created from a merger of Boston City Hospital and Boston University Hospital.

9.      On or about September 23, 2003, the United States Patent & Trademark Office ("USPTO") issued to Plaintiff U.S. Trademark Registration No. 2,766,788 for the typed drawing **BOSTON MEDICAL CENTER** in Class 44 for medical, health care and hospital services.

10.     On or about October 7, 2003, the USPTO issued to Plaintiff U.S. Trademark Registration Number 2,771,617 for the illustration drawing **BOSTON MEDICAL CENTER**, in Class 44 for medical, health care and hospital services:



-2-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     The registrations of the typed drawing **BOSTON MEDICAL CENTER** and the illustration drawing **BOSTON MEDICAL CENTER** (together, the "Marks") are in full force and effect on the USPTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the Marks throughout the United States.

12.     Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the Marks across the United States and around the world. Through Plaintiff's world-renowned research centers, residency programs, and medical professionals, the United States public has come to recognize and rely upon the Marks as an indication of the high quality associated with Plaintiff's medical services.

13.     Plaintiff has been the subject of many unsolicited stories in national publications and television programs such as *The New York Times*, *Wall Street Journal*, *The Washington Post*, *U.S. News & World Report*, *USA Today*, *NPR*, *Time*, *CNN*, *Fox News*, and *Today* that highlight the specialized care and leading research programs at Plaintiff's facilities. Plaintiff has also received numerous awards and recognitions from the American Hospital Association, Becker's Hospital Review, *Forbes Magazine*, and Doximity, the largest network of physicians in the United States.

14.     As a result of Plaintiff's extensive and widespread use of the Marks in the United States via internet, television, radio, and print advertising, and continuous and unsolicited media coverage, the Marks enjoy a high degree of brand recognition and have become famous marks throughout the United States.

15.     In addition, Plaintiff owns and operates a specialty pharmacy that does business under the name Cornerstone Health Solutions. BMC contracts with a major Los Angeles County hospital system to provide on-site specialty pharmacy services. Relying on its Marks and business goodwill, Plaintiff uses its website to recruit

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  candidates for positions located on the premises of contracting hospitals in Los

2  Angeles County. Therefore, the Marks are used in commerce specifically within this

3  District.

4  **Defendant's Infringement and Dilution of the Marks, and Unfair Competition**

5       16.   Defendant holds itself out to the public as a provider of primary care

6  medical services, specializing in family medicine, located at 960 East Green Street,

7  Suite 101, Pasadena, California.

8       17.   According to records maintained by the California Secretary of State,

9  Defendant filed Articles of Incorporation with the California Secretary of State on

10 July 25, 2019 identifying its name as, "Boston Medical Center, Inc."

11      18.   According to records maintained by the California Secretary of State,

12 Defendant filed a Statement of Information with the California Secretary of State on

13 or about September 14, 2020.

14      19.   According to the National Provider Identifier ("NPI") registry, on or

15 about September 28, 2020, Defendant obtained a unique ten-digit identifier,

16 1134736705, for use in administrative and financial transactions adopted under the

17 Health Insurance Portability and Accountability Act (HIPAA).

18      20.   Defendant's unauthorized use of the Marks in connection with its

19 medical practice infringes Plaintiff's registered trademarks and other intellectual

20 property rights. In particular, Defendant's use of the Marks is essentially identical to

21 Plaintiff's own use of its federally registered Marks and is likely to confuse, mislead,

22 and deceive consumers as to the origin, source, sponsorship or approval of medical

23 services available from Defendant's medical providers and staffers in relation to

24 Plaintiff's own services.

25      21.   Plaintiff has not consented to, sponsored, endorsed, or approved of

26 Defendant's use of the Marks or any variations thereof in connection with the

27 manufacture, marketing, or sale of any products or services.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22. Plaintiff sent a letter to Defendant on or about September 8, 2020, informing Defendant of Plaintiff's valuable trademark rights and demanding that it cease all use of the Marks. Having received no response, Plaintiff's attorney sent a follow-up letter to Defendant on May 6, 2021.

23. On May 10, 2021, Defendant's Office Manager, Angie Gharabagi, wrote to Plaintiff's attorney that Defendant's "legal team is looking into the matter" and requested "30 days for adjustments to be made."

24. On June 10, 2021, 31 days later, Plaintiff's attorney again wrote to Defendant via email seeking an update. Defendant did not respond to that communication and, as of the date of this Complaint, Defendant has not complied with Plaintiff's demand that Defendant cease its use of the Marks.

25. As of the date of this Complaint, Defendant continues to use the Marks, and confusingly similar variations of the Marks, without authorization. Defendant's failure to cease and desist its infringing use following its acknowledgement and receipt of Plaintiff's notice of infringement demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and willfully infringe Plaintiff's rights to the Marks.

26. Defendant's conduct, as alleged herein, has caused and will continue to cause damage to Plaintiff. Moreover, Defendant's conduct has caused and, unless enjoined, will continue to cause confusion and mistake and to deceive consumers, the public, and the trade as to the source or origin of Defendant's services, thereby leading consumers to erroneously believe that Defendant's services are associated with Plaintiff.

## **FIRST CAUSE OF ACTION**

### **Trademark Infringement: 15 U.S.C. §§ 1114, 1125(a)**

27. Plaintiff realleges and incorporates paragraphs 1-26 above, as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28.     Plaintiff is the owner of a federal trademark registration for the typed drawing **BOSTON MEDICAL CENTER** (Registration No. 2,766,788), which was issued on September 23, 2003. The registration is valid, subsisting, incontestable, uncancelled and unrevoked.

29.     Plaintiff is the owner of a federal trademark registration for the illustration **BOSTON MEDICAL CENTER** (Registration No. 2,771,617), which was issued on October 7, 2003. The registration is valid, subsisting, incontestable, uncancelled and unrevoked.

30.     Plaintiff is the senior user and exclusive owner of the Marks in Class 44 for medical, health care and hospital services.

31.     Without the authorization or consent of Plaintiff, Defendant has and continues to use the Marks to market, advertise, promote, sell, or offer its medical services to the general public and to consumers in the United States. The Marks that Defendant uses are actually or virtually identical in appearance, sight, sound and commercial impression to Plaintiff's incontestable registered Marks.

32.     Plaintiff is informed and believes, and on that basis alleges, that prior to Defendant's first use of the Marks, Defendant was aware of Plaintiff's business and had actual or constructive notice and knowledge of Plaintiff's registered Marks.

33.     Defendant's use of the Marks is likely, if not certain, to cause confusion or mistake, or to deceive ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's services and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. §§ 1114(a) and 1125(a).

34.     Defendant's above-described unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell its healthcare services throughout the United States, including within this District, constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

35.     As a direct and proximate result of Defendant's unlawful use of the Marks, Plaintiff has been and will continue to be damaged by, without limitation, the diminution in value of its Marks, reputation, business, and goodwill.

36.     The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer diminution in the value of and goodwill associated with the Marks, which injury cannot be redressed by money damages alone. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover its actual damages in an amount to be determined at trial, profits made by Defendant on the sales of the Marks on its services, products, advertisements, the costs of this action, and reasonable attorneys' fees.

38.     The actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, entitling Plaintiff to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

### Trademark Dilution: 15 U.S.C. § 1125(c)

39.     Plaintiff realleges and incorporates paragraphs 1-38 above, as though fully set forth herein.

40.     The actions of Defendant described above and specifically, without limitation, its unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, market, and sell its healthcare services throughout the United States, including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

41.     The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer diminution in the value of and goodwill associated with the Marks, which injury cannot be redressed by money damages alone. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(c).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1     42.    The actions of Defendant described above were and continue to be

2  deliberate and willful.

3     43.    Plaintiff is therefore entitled to recover damages in an amount to be

4  determined at trial, profits made by Defendant on sales of the Marks on its products,

5  the costs of this action, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

6                           **THIRD CAUSE OF ACTION**

7          **Unfair Competition and False Advertising: 15 U.S.C. § 1125(a)**

8     44.    Plaintiff realleges and incorporates paragraphs 1-43 above, as though

9  fully set forth herein.

10     45.    Defendant has used in commerce and without Plaintiff's authorization or

11  consent the name **BOSTON MEDICAL CENTER** in association with its medical

12  services, which is actually or virtually identical to the incontestable federally

13  registered trademark rights that Plaintiff has in its Marks for medical services.

14     46.    Defendant's actions described above and specifically, without limitation,

15  Defendant's use of the Marks, and confusingly similar variations thereof, in

16  commerce to advertise, market, and sell its healthcare services throughout the United

17  States, including California; and Defendant's knowledge, participation, and

18  inducement thereof, constitute unfair competition and false advertising in violation of

19  15 U.S.C. § 1125(a).

20     47.    Consumers are likely to be misled and deceived by Defendant's use of

21  the Marks.

22     48.    Defendant knew or should have known that its conduct was likely to

23  mislead and deceive consumers.

24     49.    As an actual and proximate result of Defendant's willful and intentional

25  actions, Plaintiff has suffered damages in an amount to be determined at trial, and

26  unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and

27  damage to its business, reputation, and goodwill that cannot be adequately redressed

1   by money damages alone.

2       50.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for

3   Defendant's Lanham Act violations, an accounting for profits made by Defendant on

4   the use of the Marks, as well as its costs and reasonable attorneys' fees.

5       51.    Defendant's conduct was undertaken willfully and with the intention of

6   causing confusion, mistake or deception, entitling Plaintiff to recover additional

7   damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

8   **FOURTH CAUSE OF ACTION**

9   **Unfair Competition: Cal. Bus. & Prof. Code §§ 17200, et seq.**

10      52.    Plaintiff realleges and incorporates paragraphs 1-51 above, as though

11  fully set forth herein.

12      53.    Defendant's actions described above and specifically, without limitation,

13  Defendant's use of the Marks and confusingly similar variations thereof, in commerce

14  to advertise, market, and sell its healthcare services throughout the United States and

15  California, and Defendant's knowledge, participation, and inducement thereof,

16  constitute trademark infringement in violation of the Lanham Act and unfair

17  competition in violation of the laws of the State of California.

18      54.    By these actions, Defendant has engaged in unfair competition in

19  violation of Cal. Bus. & Prof. Code § 17200, et seq., and, as a result, Plaintiff has

20  suffered and will continue to suffer damage to its business, reputation, and goodwill.

21      55.    As a direct and proximate result of Defendant's willful and intentional

22  actions, Plaintiff has suffered damages in an amount to be determined at trial and,

23  unless Defendant is enjoined from using the Marks, Plaintiff will continue to suffer

24  irreparable damage.

25  **FIFTH CAUSE OF ACTION**

26  **False Advertising: Cal. Bus. & Prof. Code §§ 17500, et seq.**

27      56.    Plaintiff realleges and incorporates paragraphs 1-55 above, as though

1  fully set forth herein.

2       57.    Defendant's actions described above and specifically, without limitation,

3  Defendant's use of the Marks and confusingly similar variations thereof, to advertise,

4  market, and sell its healthcare services throughout the United States and California,

5  and Defendant's knowledge, participation, and inducement thereof, constitute unfair,

6  untrue, and misleading practices that gave the public a false impression that its

7  healthcare services were associated with the high quality of Plaintiff's healthcare

8  services.

9       58.    Defendant knew or should have known that its use of the Marks and

10  confusingly similar variations thereof were untrue or misleading.

11      59.    By these actions, Defendant has engaged in false advertising in violation

12  of Cal. Bus. & Prof. Code § 17500, et seq., and, as a result, Plaintiff has suffered and

13  will continue to suffer damage to its business, reputation, and goodwill.

14      60.    As a direct and proximate result of Defendant's willful and intentional

15  actions, Plaintiff has suffered damages in an amount to be determined at trial and,

16  unless Defendant is enjoined from using the Marks, Plaintiff will continue to suffer

17  irreparable damage.

18                        **SIXTH CAUSE OF ACTION**

19                   **Common Law Trademark Infringement**

20      61.    Plaintiff realleges and incorporates paragraphs 1-60 above, as though

21  fully set forth herein.

22      62.    Plaintiff is the senior user and exclusive owner of the Marks for medical,

23  health care and hospital services.

24      63.    Without the authorization or consent of Plaintiff, Defendant has and

25  continues to use the Marks to market, advertise, promote, sell, or offer its medical

26  services to the general public and to consumers in the United States. The name that

27  Defendant uses is actually or virtually identical in appearance, sight, sound and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    commercial impression to Plaintiff's incontestable registered Marks.

2         64.    Plaintiff is informed and believes, and on that basis alleges, that prior to

3    Defendant's first use of the Marks, Defendant was aware of Plaintiff's business and

4    had actual or constructive notice and knowledge of Plaintiff's registered Marks.

5         65.    Defendant's use of the Marks is likely, if not certain, to cause confusion

6    or mistake, or to deceive ordinary consumers as to the source, sponsorship, affiliation,

7    or approval of Defendant's services and/or to cause confusion or mistake as to any

8    affiliation, connection or association between Plaintiff and Defendant, in violation of

9    California common law.

10        66.    Defendant's above-described unauthorized use of the Marks, and

11   confusingly similar variations thereof, in commerce to advertise, promote, market, and

12   sell its healthcare services throughout the United States, including within this District,

13   constitutes trademark infringement in violation of California law.

14        67.    As a direct and proximate result of Defendant's unlawful use of the

15   Marks, Plaintiff has been and will continue to be damaged by, without limitation, the

16   diminution in value of its Marks, reputation, business, and goodwill.

17        68.    The actions of Defendant, if not enjoined, will continue. Plaintiff has

18   suffered and continues to suffer diminution in the value of and goodwill associated

19   with the Marks, which injury cannot be redressed by money damages alone. Plaintiff

20   is therefore entitled to injunctive relief.

21        69.    Defendant used the mark intentionally, willfully and/or in bad faith, and

22   its actions were oppressive, fraudulent and/or malicious, entitling Plaintiff to an award

23   of punitive damages.

24                        **SEVENTH CAUSE OF ACTION**

25                        **Common Law Unfair Competition**

26        70.    Plaintiff realleges and incorporates paragraphs 1-69 above, as though

27   fully set forth herein.

71.     Plaintiff is the senior user and exclusive owner of the Marks for medical, health care and hospital services.

72.     As a result of Plaintiff's substantial investment of time, effort, and resources to the development and extensive promotion of the Marks across the United States and around the world, the public has come to recognize and rely upon the Marks as an indication of the high quality associated with Plaintiff's medical services.

73.     Defendant's actions described above and specifically, without limitation, Defendant's use of the Marks and confusingly similar variations thereof, in commerce to advertise, market, and sell its healthcare services throughout the United States and California, and Defendant's knowledge, participation, and inducement thereof, constitute unfair competition in violation of California law.

74.     As a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

75.     As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill that cannot be adequately redressed by money damages alone.

76.     Defendant used the mark intentionally, willfully and/or in bad faith, and its actions were oppressive, fraudulent and/or malicious, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A.     That Plaintiff be granted injunctive relief under 15 U.S.C. § 1116 et seq., Cal. Bus. & Prof. Code § 17203, and other applicable federal and state law. Specifically, that Defendant and all of its respective officers, agents, servants,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  representatives, employees, attorneys, and all other persons acting in concert with any

2  of them be enjoined from:

3         1.     using the Marks, or any mark confusingly similar to the Marks, in

4  connection with its business;

5         2.     using the Marks, or any mark confusingly similar to the Marks, in

6  connection with the NPI registered to Defendant;

7         3.     using the Marks, or any mark confusingly similar to the Marks, in

8  connection with the marketing, promotion, advertising, sale, or distribution of any

9  products or services; and

10        4.     making or inducing others to make any false, misleading or

11 deceptive statement of fact, or representation of fact in connection with the promotion,

12 advertisement, packaging, display, sale, offering for sale, manufacture, production,

13 circulation or distribution of the Marks;

14     B.    That Defendant files, within thirty (30) days from entry of an injunction,

15 a declaration with this Court signed under penalty of perjury certifying the manner in

16 which Defendant has complied with the terms of the injunction;

17     C.    That Defendant be ordered to correct any erroneous impression persons

18 may have derived concerning the nature, characteristics, or qualities of the Marks on

19 Plaintiff's products and services, including without limitation:

20        1.     the sending of a registered letter (with a copy to Plaintiff) to all

21 major Internet search engines, including but not limited to, Google, Bing, and Yahoo!

22 requesting that Defendant's keyword advertising and sponsored advertisements be

23 removed from their search engines; and

24        2.     the placement of corrective advertising at any of its   offices

25 informing consumers of its prior misrepresentations regarding the Marks;

26     D.    That Defendant be adjudged to have:

27        1.     willfully, intentionally, or deliberately infringed the Marks in

1   violation of 15 U.S.C. § 1125(a);

2            2.     diluted the Marks in violation of 15 U.S.C. § 1125(c);

3            3.     willfully, intentionally, or deliberately infringed the Marks in

4   violation of California common law;

5            4.     engaged in unlawful, unfair, or fraudulent business practices and

6   false, deceptive, or misleading advertising in violation of 15 U.S.C. § 1125(a);

7            5.     engaged in unlawful, unfair, or fraudulent business practices in

8   violation of Cal. Bus. & Prof. Code § 17200, et seq.;

9            6.     engaged in false, deceptive, or misleading advertising in violation

10  of Cal. Bus. & Prof. Code § 17500, et seq.; and

11           7.     engaged in unlawful, unfair, or fraudulent business practices in

12  violation of the California common law;

13       E.     That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a),

14  sufficient to compensate it for the damage caused by Defendant's false and misleading

15  statements, together with its costs and reasonable attorneys' fees;

16       F.     That Plaintiff be awarded punitive damages pursuant to Cal. Civ. Code

17  § 3294(a) and any and all other applicable laws, according to proof at trial;

18       G.     That Plaintiff be awarded appropriate equitable relief against Defendant,

19  including disgorgement of wrongfully obtained profits derived by reason of said acts,

20  as may be determined by an accounting;

21       H.     That such damages and profits be trebled and awarded to Plaintiff and

22  that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C.

23  § 1117(b), as a result of Defendant's willful, intentional, and deliberate acts in

24  violation of the Lanham Act;

25       I.     That Plaintiff be awarded damages in an amount sufficient to compensate

26  it for the damage caused by Defendant's unfair competition and false advertising

27  under California Business and Professions Code §§ 17200 and 17500 et seq. and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    contributory trademark infringement and vicarious trademark infringement under

2    federal law and California common law;

3             J.       That Plaintiff be granted prejudgment and post judgment interest; and

4             K.       That Plaintiff be granted such further relief as the Court may deem just.

5

6

7    Dated: September 15, 2021

8                                    CONSTANGY, BROOKS, SMITH & PROPHETE LLP

9                                     /s/  *David C. Kurtz*

10                                   David C. Kurtz
                                     Nathan K. Norimoto
11                                   Attorneys for Plaintiff
                                     BOSTON MEDICAL CENTER CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-15-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF