FILED
CLERK, U.S. DISTRICT COURT

October 21, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON MEDICAL CENTER CORPORATION, a Massachusetts charitable corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON MEDICAL CENTER, INC., a California corporation,<br><br>Defendant. | Case No. 2:21-cv-07391-SB-MAR<br><br>Assigned To: Hon. Stanley Blumenfeld, Jr.<br>Courtroom 6C<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT BOSTON MEDICAL CENTER, INC.**<br><br>Complaint Filed: September 15, 2021<br>Trial Date: None Set |

In accordance with the Parties' Joint Motion for Entry of Final Judgment and Permanent Injunction as to Defendant Boston Medical Center, Inc.,

**IT IS ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121, as this is an action arising under 15 U.S.C. §§ 1051, et seq. (the "Lanham Act").

2. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367, as those claims are substantially related to the Lanham Act claims and form part of the same case or controversy.

3. The Court has personal jurisdiction over each of the parties to this action. Plaintiff BOSTON MEDICAL CENTER CORPORATION ("Plaintiff" or "BMC"), is, and at all relevant times was, a Massachusetts not-for-profit corporation, duly authorized and licensed to conduct business in Massachusetts pursuant to Chapter 180 of the Massachusetts General Laws. Plaintiff's principal place of business is Boston, Suffolk County, Massachusetts. Defendant is a California corporation with a principal place of business in California.

4. On September 15, 2021, Plaintiff filed this lawsuit against Defendant for (i) Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a), (ii) Trademark Dilution under 15 U.S.C. § 1125(c), (iii) Unfair Competition and False Advertising under 15 U.S.C. § 1125(a), (iv) Unfair Competition and False Advertising under Cal. Bus. & Prof. Code § 17200 et seq., (v) False Advertising under Cal. Bus. & Prof. Code § 17500 et seq., (vi) Common Law Trademark Infringement, and (vii) Common Law Unfair Competition.

5. Plaintiff has continually, and without interruption, used the trade name **BOSTON MEDICAL CENTER** in interstate commerce since 1996, when Boston Medical Center was created from a merger of Boston City Hospital and University Hospital.

6. On or about September 23, 2003, the United States Patent & Trademark Office ("USPTO") issued to Plaintiff U.S. Trademark Registration No. 2,766,788 for the typed drawing **BOSTON MEDICAL CENTER** in Class 44 for medical, health care and hospital services.

7. On or about October 7, 2003, the USPTO issued to Plaintiff U.S. Trademark Registration Number 2,771,617 for the illustration drawing **BOSTON MEDICAL CENTER**, in Class 44 for medical, health care and hospital services:



8. The registrations of the typed drawing **BOSTON MEDICAL CENTER** and the illustration drawing **BOSTON MEDICAL CENTER** (together, the "Marks") are in full force and effect on the USPTO's Principal Register, and give rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the Marks throughout the United States.

9. Plaintiff is the senior user and exclusive owner of the Marks in Class 44 for medical, health care and hospital services.

10. Defendant holds itself out to the public as a provider of primary care medical services, specializing in family medicine, located at 960 East Green Street, Suite 101, Pasadena, California.

11. According to records maintained by the California Secretary of State, Defendant filed Articles of Incorporation with the California Secretary of State on July 25, 2019 identifying its name as, "Boston Medical Center, Inc."

12. According to records maintained by the California Secretary of State, Defendant filed a Statement of Information with the California Secretary of State on or about September 14, 2020.

13. According to the National Provider Identifier ("NPI") registry, on or

about September 28, 2020, Defendant obtained a unique ten-digit identifier, 1134736705, for use in administrative and financial transactions adopted under the Health Insurance Portability and Accountability Act (HIPAA).

14. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the Marks or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. In light of the facts set forth above, and further acknowledging that Defendant admits liability solely for purposes of resolving this case via a stipulated judgment, final judgment is entered in favor of Plaintiff and against Defendant on BMC's claims for: (i) Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a), (ii) Trademark Dilution under 15 U.S.C. § 1125(c), (iii) Unfair Competition and False Advertising under 15 U.S.C. § 1125(a), (iv) Unfair Competition and False Advertising under Cal. Bus. & Prof. Code § 17200 et seq., (v) False Advertising under Cal. Bus. & Prof. Code § 17500 et seq., (vi) Common Law Trademark Infringement, and (vii) Common Law Unfair Competition.

B. Upon the entry of this Judgment, Defendant and its officers, agents, servants, employees, attorneys, and those persons acting in concert or participation with Defendant who have received actual notice of this Judgment shall be permanently enjoined from use of the "Boston Medical Center" name for business purposes.

C. Defendant, by November 26, 2021, shall:
    i. Cease using "Boston Medical Center", in any form, as the name of its business, whether as a formal name or as a d/b/a;
    ii. Change the name of "Boston Medical Center, Inc.";
    iii. Discontinue the use of, and transfer to Plaintiff, the internet

domain, bostonmedicalcenterinc.com, and Defendant and its officers, agents, servants, employees, attorneys, and those persons acting in concert or participation with Defendant shall cease and desist from using any email addresses associated with that domain;

    iv. Disassociate the name "Boston Medical Center, Inc." from Defendant and its officers, agents, servants, employees, attorneys, and those persons acting in concert or participation with Defendant, including, but not limited to the authorized official of NPI No. 1134736705; and

    v. Cancel all advertising under the "Boston Medical Center" name, including, but not limited to any keyword advertising or sponsored advertisements with any Internet search engines.

D. The parties shall be subject to the jurisdiction of this Court in connection with any dispute relating to enforcing the terms of this Final Judgment and Permanent Injunction.

E. The following individuals, without exclusion, shall receive actual notice of and be bound by this Final Judgment and Permanent Injunction:

    i. Gladwin Gill;

    ii. Joseph Vivian Davis;

    iii. Ahmed Mahdi; and

    iv. Natasha Gill.

**IT IS SO ORDERED.**

Dated:  October 21, 2021

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge